GREENFIELD *v.* LAKE SHORE & MICHIGAN SOUTHERN
RAILWAY CO.

1. Railroad Companies—Appliances—Negligent Inspection—
Question for Jury.

   Evidence that the inspector provided by a railroad company
   to inspect monthly the hand-car in use by section men did
   not make a careful examination himself, but relied on the
   statements of the section foreman that the car was all right,
   raises a question of fact for the jury as to whether his duty
   was properly performed.

2. Same—Negligence of Fellow-Servant—Evidence—Re-
buttal.

   Where, in an action by a railroad employé for injuries caused
   by a defective hand-car, the company seeks to show that, in
   addition to providing a regular inspector, it imposed upon a
   fellow-servant of the plaintiff the duty of inspecting the car
   in question each morning, and that such inspection showed
   the car to be in a reasonably safe condition for use, the plain
   tiff may show in rebuttal that the daily inspection was not
   made.

Error to Lenawee; Chester, J. Submitted April 22,
1898. Decided June 7, 1898.

Case by Charles F. Greenfield against the Lake Shore
& Michigan Southern Railway Company for personal in-
juries. From a judgment for plaintiff, defendant brings
error. Affirmed.

*C. E. Weaver* (*George C. Greene* and *O. G. Getzen-
Danner*, of counsel), for appellant.

*Watts, Bean & Smith,* for appellee.

Hooker, J. The plaintiff was a section man upon the
defendant's railroad. He was injured by being thrown
from a hand-car, through the breaking of the iron handle
or arm by which the car was propelled. This iron handle

or arm was cracked, and there was evidence that the crack was an old one. The negligence relied upon was the alleged failure to keep the hand-car in repair. This raised the question of inspection, and the defendant offered evidence tending to show that it provided an inspector, whose duty it was to inspect the car monthly, and that such duty was performed; also, that the section foreman was required to examine the car each morning, before using it, and to include in a weekly report of his work a statement as to whether the car had been examined daily, and its condition at the time of making the report, and that this duty had been performed by the section foreman. On the part of the plaintiff there was testimony tending to show that the inspector did not make a careful examination, and that he relied on the statement of the foreman that it was all right, drawn out by an inquiry made by the inspector, instead of examining the car himself. We are of the opinion that this raised a question of fact for the jury.

Error is assigned upon the admission of testimony upon rebuttal tending to show that the section foreman did not examine the car each morning; it being contended that he was a fellow servant, and it was therefore immaterial. The defendant brought this subject into the case. If, as it claims,—and perhaps rightly,—the examination required of the foreman was not that inspection required by the master to secure the maintenance of the car in good condition, but merely a precaution taken to prevent accident caused by defects arising suddenly, as suggested in the case of *McDonald* v. *Railroad Co.*, 108 Mich. 7, we fail to see why the defendant introduced the subject, if counsel were prepared to admit that the break was old, as seems to be conceded here. But an examination of the record leads us to believe that upon the trial the defendant's counsel contended that the car was in a reasonably safe condition; and the testimony of Jacobs, that, according to requirement, he examined it that morning, and every morning, and found it so, would be competent and

important testimony.    It would, however, be subject to contradiction.    There was therefore no error in admitting this testimony.

There are many assignments of error in the case, but we think it unnecessary to allude to others, further than to say that they have received consideration, and we find no error in them.

The judgment is affirmed.

The other Justices concurred.